IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| **MIDWESTERN GAS TRANSMISSION COMPANY** | ) | |
| **Petitioner,** | ) | |
| **v.** | ) | **Case No. _______** |
| **2.28 ACRES IN SUMNER COUNTY, TENNESSEE, FRED McKEE, JR. and MARY McKEE** | ) | |
| **Respondents.** | ) | |

## COMPLAINT

Midwestern Gas Transmission Company (hereinafter "MGT") files this Complaint for an order of condemnation for the right-of-way and easement described in Exhibit 1 and Exhibit 2 attached hereto and incorporated herein by reference, and states as follows:

### Jurisdictional Allegations

1. The authority for this taking is the Natural Gas Act, U.S.C.A. Title 15, §717f(h), which grants federal jurisdiction.

2. On March 10, 2006 the Federal Energy Regulatory Commission ("FERC") issued a Certificate of Public Convenience and Necessity ("Certificate") to MGT authorizing it to construct and operate approximately 30.9 miles of 16-inch diameter natural gas pipeline and related facilities in Sumner and Trousdale

Counties. A copy of the Certificate is attached hereto as Exhibit 3 and is incorporated herein by reference.

3. Upon information and belief, the amount claimed by the owner of the property to be condemned exceeds $3,000.

4. Plaintiff alleges that it has made bona fide efforts to obtain the property rights by agreement with the known owners of the tract of land described in Exhibit 1 and Exhibit 2 concerning the acquisition and the damages and compensation to be allowed and paid for said right-of-way and easement, and has failed to come to any such agreement with said parties.

5. Plaintiff has taken all steps and proceedings required by law necessary to initiate these proceedings as required by 15 U.S.C.A. §717f(h) and Fed. R. Civ. P. 71A, and that jurisdiction is therefore proper under 15 U.S.C.A. §717f(h).

**General Factual Allegations**

6. Plaintiff is in the business of transporting natural gas. Plaintiff seeks this order of condemnation for the purpose of constructing and operating a natural gas pipeline for use in the interstate transportation of natural gas.

7. Plaintiff states that it is in the public interest and necessity that the lands described in Exhibit 1 and Exhibit 2 be condemned, being situated, located, and lying in Sumner County, Tennessee.

8. The interest to be acquired in the lands described in Exhibit 1 and Exhibit 2 and the use therefore is a perpetual easement and right-of-way for the purposes, presently and at any such time in the future as Plaintiff may elect and the FERC may authorize, of constructing and operating, including maintaining,

inspecting, repairing, relocating, removing and/or replacing the certificated pipeline in a manner consistent with the FERC's regulations, a pipeline for the transportation of natural gas, and all appliances, appurtenances, fixtures, equipment, and facilities, whether above or below ground, deemed by Plaintiff to be necessary or desirable in connection with such line. Plaintiff further seeks the right of limited, reasonable ingress and egress over and across said lands and other adjacent lands and the use thereof reasonably necessary in conducting pre-construction activities, including, but not limited to, surveys, examinations, and tests, and for the construction, maintenance, operation, repair, relocation, and replacement of the pipeline on said right-of-way; together with the right, from time to time, to cut and keep said right-of-way clear of all trees, undergrowth, and other natural or manmade obstruction that may injure or endanger Plaintiff's pipeline, appliances, appurtenances, fixtures, and equipment, or interfere with Plaintiff's access to, monitoring of, or maintenance, repair, relocation, construction and/or operation of the same. Defendants will reserve and have the right to cultivate or otherwise make use of the lands for purposes in a manner which will not interfere with the enjoyment or use of the rights, easement, and estate sought by Plaintiff, but Defendants shall not construct, nor permit to be constructed, any houses, buildings, lakes, ponds, structures or any obstructions on or over said right-of-way, or any part thereof, as surveyed or finally determined without the consent of Plaintiff. Additionally, Defendants shall not alter or change the grade of the Property identified in Exhibit 2 without the consent of Plaintiff. Plaintiff further seeks the full right and authority to lease, sell, assign, transfer and/or convey to

others the right-of-way, estate, interest, rights, and privileges hereby granted, in whole or in part, or in the interest herein, or to encumber the same. Plaintiff further seeks to acquire the right of use as temporary workspace during the construction of its pipeline, a space parallel and contiguous to the permanent easement and right-of-way. Eighteen months after the pipeline is in-service, the temporary workspace will revert to Defendants. Said temporary workspace is identified in Exhibit 2 and may include temporary access roads as identified in said exhibit.

9. Plaintiff states that a diligent search has been made of the public records in the office of the Register of Deeds and/or office of the Circuit Court Clerk, Sumner County, and diligent inquiry made to ascertain the parties owning the lands or the parties who claim any interest in the lands. According to the best of Plaintiff's information, knowledge, and belief, the persons who owned or claimed an interest in the lands are listed along with their addresses in Exhibit 4 incorporated herein by reference. These are the individuals and entities that should be served with this Complaint.

10. Plaintiff has used reasonable diligence to ascertain the names of any unknown persons who are the owners of, or the owners of an interest in, the property described in Exhibit 1 and Exhibit 2, but have been unable to do so. In addition to the persons named, there are or may be others who have or may claim some interest in the property to be taken, whose names are unknown to the Plaintiff. They are made parties to the action under the designation "Unknown Owners."

11. The easement and right-of-way, as set forth and described in Exhibit 2, when condemned, will be subject to the terms and conditions, and devoted to the purposes as stated.

12. Plaintiff has made bona fide efforts to obtain property rights by agreement with the known owners of the tract of land described in Exhibit 1 and Exhibit 2, which the owner(s) have refused. Concurrent with this Complaint, Plaintiff tenders to the Clerk of Court estimated compensation in the amount of $12,825.00.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that this Court will do the following:

1. Enter an order bifurcating the issues of (a) the determination of Plaintiff's right to condemnation and (b) just compensation for the taking;

2. Schedule a prompt date, not later than 45 days from the date of the filing of this Complaint, for hearing on the issue of plaintiff's right to condemnation and Plaintiff's motion, filed with this Complaint, for immediate possession, and a schedule for the filing of briefs on that issue prior to the scheduled hearing date;

3. Following hearing, order and decree that Plaintiff is entitled to acquire the right-of-way and easement for the purposes set out herein, and grant to Plaintiff right of immediate possession to begin pre-construction activities and construction of the pipeline;

4. Thereafter, pursuant to Rule 71A of the Federal Rules of Civil Procedure, appoint a commission of three (3) persons to ascertain and report to the Court the damages occasioned by the taking and the just compensation due the

Defendants for such taking; or, alternatively, schedule a jury trial for the determination of those issues;

5. Upon payment into the Court of just compensation, render a judgment or decree condemning the right-of-way and easement for such public purposes in, over, upon, across and under said lands set out in Exhibit 1 and Exhibit 2; and

6. Make such other and further orders and decrees as may be necessary or proper in the premises.

Respectfully submitted,

Lela M. Hollabaugh (TN B.P.R. # 14894)
WALLER LANSDEN DORTCH & DAVIS, LLP
511 Union Street, Suite 2700
Nashville, Tennessee 37219
Telephone: (615) 244-6380

*Attorney for Midwestern Gas Transmission Company*